Thomson, P. J.
This suit was brought to enforce a mechanic’s lien. It is alleged in the complaint that the appellee, Albert A. Pope, entered into a contract with The Phoenix Construction Company for the erection of a business block in the city of Pueblo, in consideration of a certain sum to be paid by Pope to the company; that the company employed the plaintiff to superintend the work of the construction of the building ; that for his services in that regard the company became indebted to him in the sum named, only part of which was paid; and that for the balance he duly made and filed his statement of lien on the property.
The plaintiff testified that he was employed at the agreed price of $4.00 per day; that his employment continued one hundred and one days; that he was not present at the building all of this time; that when not in Pueblo, he was in Denver and Colorado Springs on business trips to hurry up- material for the building; that the iron work had been sublet by the company to a concern in Denver, which had turned over a portion of its contract to a concern in Colorado Springs; that his time in Denver and Colorado Springs was employed in “running around and punching up the people who had contracted to furnish the material”; and that he was unable to say how much of his time was spent in that way. Prom other testimony, however, it appeared that he was engaged upon the building only a comparatively, small portion of the whole time. Judgment was given liim against The Phoenix Construction Company for the unpaid balance of his wages; but his claim to a lien was disallowed, and he appealed.
The act of April 12, 1899, under which this proceeding was instituted, provided for liens in favor of the following classes of persons: mechanics, mate *330 rial-men, contractors, subcontractors, builders, persons of every class performing labor upon, or furnishing materials to be used in, the construction, etc., of any building, etc., engineers, draughtsmen, and artisans furnishing designs, plans, plats, maps, specifications, drawings, estimates of cost, surveys or superintendence, or rendering other professional or skilled service, or bestowing labor, in whole or in part, describing or illustrating, or superintending the structure.' — Session Laws 1899, p. 261, 3 Mills’ Ann. Stats. (Revised Supplement), p. 769.
The right to a mechanic’s lien owes its existence solely to statute; it was unknown to the common law, and, although when a lien has been lawfully acquired, for the purposes of its enforcement the statute will be liberally construed, yet, since the object of the law is, in invitum, to charge the property of one with a liability for the debt of another, persons claiming its benefit must bring themselves clearly within its purview, as belonging to some class in whose favor the remedy is allowed. Outside of the terms of the statute, no lien can attach. — Greeley, &c., R. Co. v. Harris, 12 Colo. 226; Hardware Co. v. McCarty, 10 Colo. App. 200. As superintendent of construction, the plaintiff was undoubtedly entitled to a lien. Superintendence of the structure is work, a. lien for which the statute expressly provides. As superintendent, the plaintiff had charge of the work of construction, with power to direct the workmen. Vide Webster. It belonged to his employer, the principal contractor, to supply the material and the labor. The plaintiff’s duties began and ended with seeing that the labor was properly applied to the material. With the procuring of either he had nothing to do. Going to distant places and “running around, punching up the people.who had contracted to furnish the material,” was not superintending the work of construe *331 tion. Neither is it embraced in any of the classes of services enumerated in the statute as entitling persons performing them to liens. See Mining Company v. Bouscher, 9 Colo. 385.
■ The only work alleged in the complaint to have been performed by the plaintiff was that of superintendence. It was therefore incumbent upon him to show what amount he earned as superintendent. But he confessed himself unable to say how much of the time for which he charged was spent in one way, and how much in another. Upon his testimony, his work as superintendent can not be separated from his other work. He has furnished no facts upon which a claim to a lien might be allowed.
The judgment will be affirmed.

Affirmed.